KC FILED
NOV 21 2006
MICHAEL W. DOBBINS

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD J. LEYBA, ) | 06CV6393 |
| Plaintiff, ) | JUDGE GUZMAN |
| vs. ) | MAGISTRATE JUDGE KEYS |
| ELGIN, JOLIET AND EASTERN ) | **PLAINTIFF DEMANDS TRIAL** |
| RAILWAY COMPANY, ) | **BY JURY** |
| Defendant. ) | **Serve Defendant At:** EJ&E Railway Company Corporate Headquarters 1141 Maple Road Joliet, IL 60432-1981 |

## COMPLAINT

COMES NOW the Plaintiff, Richard J. Leyba, by and through his attorneys, Rick Rosen of Rosen Law Firm, and for his cause of action against the Defendant, Elgin, Joliet and Eastern Railway Company, hereinafter referred to as "EJ&E", states as follows:

### I. JURISDICTION

1. Jurisdiction in this claim for relief is premised upon Title 45 U.S.C.A. Sections 51 *et seq.*, the Federal Employers Liability Act (FELA).

### II. VENUE

2. Venue in this District is proper given that the defendant maintains rails within the Northern District of Illinois.

### III. THE PARTIES

3. Plaintiff, Richard J. Leyba, is an employee of Defendant subject to the provisions of the FELA, 45 U.S.C.A. Sect. 51 *et seq.*

4. Defendant, EJ&E, is a railway company, employer of Plaintiff and subject to the provisions of the FELA, 45 U.S.C.A. Sect. 51 *et seq.*

### IV. COUNT I-(FELA)

1. Jurisdiction in this claim for relief is premised upon Title 45 U.S.C.A. Sections 51 *et seq.*, the Federal Employers Liability Act (FELA).

2. Venue in this District is proper given that the defendant maintains rails within the Northern District of Illinois.

3. Plaintiff, Richard J. Leyba, is an employee of Defendant subject to the provisions of the FELA, 45 U.S.C.A. Sect. 51 *et seq.*

4. Defendant, EJ&E, is a railway company, employer of Plaintiff and subject to the provisions of the FELA, 45 U.S.C.A. Sect. 51 *et seq.*

5. That on May 14, 2006, and for some time prior thereto, the Defendant was a corporation duly existing according to law to engage in, and was at all times mentioned herein, engaged in doing business as a common railroad in the State of Indiana and had cars and other equipment that traveled to Illinois.

6. That on May 14, 2006, and at all times mentioned herein, the Defendant performed work in interstate commerce into the State of Illinois.

7. That on May 14, 2006, and at all times mentioned herein, the Plaintiff was employed by the Defendant, EJ&E, as a carman and working in interstate commerce and subject to the provisions of the Federal Employer's Liability Act, Title 45 U.S.C.A., Section 51, et seq.

8. That on May 14, 2006, Plaintiff was employed doing his regular duties at the Defendant's facility in Gary, Indiana.

9. That at the aforesaid time and place, Plaintiff was changing wheels on a freight car when he was struck by the axle of a set of rolling wheels set into motion when a co-worker struck them while backing up in a forklift. Plaintiff sustained injuries to his lower back and left knee.

10. That on May 14, 2006, at the aforesaid time and place, and for some time prior thereto, the Defendant, by and through its agents and employees, was negligent in one or more of the following ways with respect to this injury:

   a. Failed to have a safe way to perform the work the Plaintiff was required to do;

   b. Failed to provide a safe place to work;

   c. Failed to supervise their personnel in a sufficient matter to avoid careless accidents;

   d. Failed to equip work vehicles with proper and adequate decibel levels on their reversal indicators;

   e. Failed to equip work vehicles with rear view mirrors thus causing injury to its employee;

11. That as a result of one or more of one or more of the foregoing negligent acts and/or omissions, the Plaintiff sustained severe and permanent injuries to his lower back and left knee; the Plaintiff has incurred medical expenses and will in the future incur medical expenses in an effort to cure himself; Plaintiff has lost wages and will lose such wages in the future that he would have made and acquired; Plaintiff has experienced physical pain and suffering in the past and will experience physical pain and suffering in the future; Plaintiff has been damaged in his ability to work and his normal pursuits of recreational and work activity all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, Richard J. Leyba, prays for judgment against the Defendant, EJ&E, in an amount **in excess of $50,000.00** or for such damages that are fair and reasonable.

## PLAINTIFF DEMANDS TRIAL BY JURY

### V. COUNT II-(NEGLIGENT ASSIGNMENT)

1. Jurisdiction in this claim for relief is premised upon Title 45 U.S.C.A. Sections 51 *et seq.*, the Federal Employers Liability Act (FELA).

2. Venue in this District is proper given that the defendant maintains rails within the Northern District of Illinois.

3. Plaintiff, Richard J. Leyba, is an employee of Defendant subject to the provisions of the FELA, 45 U.S.C.A. Sect. 51 *et seq.*

4. Defendant, EJ&E, is a railway company, employer of Plaintiff and subject to the provisions of the FELA, 45 U.S.C.A. Sect. 51 *et seq.*

5. That on May 14, 2006, and for some time prior thereto, the Defendant was a corporation duly existing according to law to engage in, and was at all times mentioned herein, engaged in doing business as a common railroad in the State of Indiana and had cars and other equipment that traveled to Illinois.

6. That on May 14, 2006, and at all times mentioned herein, the Defendant performed work in interstate commerce into the State of Illinois.

7. That on May 14, 2006, and at all times mentioned herein, the Plaintiff was employed by the Defendant, EJ&E, as a carman and working in interstate commerce and subject to the provisions of the Federal Employer's Liability Act, Title 45 U.S.C.A., Section 51, et seq.

8. That on May 14, 2006, Plaintiff was employed doing his regular duties at the Defendant's facility in Gary, Indiana.

9. That defendant assigned Plaintiff to work beyond his physical capacity after his back surgeries of 1982 and 1987 and continuing up to the date of his injury on May 14, 2006 at which time Plaintiff first learned he had been negligently assigned.

10. That Plaintiff was returned to his regular duty assignment after his surgeries in 1982 and 1987.

11. That the regular duties of Plaintiff's job which required overuse of his lower back and required heavy lifting and carrying and resulted in significant overload on Plaintiff's back.

12. That Defendant, EJ&E, knew or should have known by its knowledge and understanding of Plaintiff's and other carmen's work duties either thru experience or by and thru its medical staff, including its medical officers that said overuse of the lower back imposed on Plaintiff's serious prior injury and surgery would cause significant further injury, damage and aggravation of Plaintiff's pre-existing damaged back.

13. That despite the aforementioned knowledge or constructive knowledge or notice defendant **negligently assigned** Plaintiff to work beyond his physical capacity by directing him to do the job duties mentioned in paragraph eleven, supra.

14. That as a result of the foregoing negligent act, the Plaintiff sustained severe and permanent injuries to his lower back; aggravation of his pre-existing injury and/or condition; the Plaintiff has incurred medical expenses and will in the future incur medical expenses in an effort to cure himself; Plaintiff has lost wages and will lose such wages in the future that he would have made and acquired; Plaintiff has experienced

physical pain and suffering in the past and will experience physical pain and suffering in the future; Plaintiff has been damaged in his ability to work and his normal pursuits of recreational and work activity all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, Richard J. Leyba, prays for judgment against the Defendant in an amount in excess of $50,000 or for such damages that are fair and reasonable.

PLAINTFF DEMANDS TRIAL BY JURY

*Rick Rosen*
Rick Rosen, Attorney for the Plaintiff

Rick Rosen, Atty. No. 2382296
Rosen Law Firm
1669 Windham Way, Suite A
O'Fallon, IL 62269
618/622-0772 Telephone
618/622-0774 Facsimile